**Doris PRINCIPE, Petitioner–Appellant,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent–Appellee.**

No. 14–1078.

United States Court of Appeals, Second Circuit.

March 11, 2015.

Robert C. Ross, West Haven, CT, for Petitioner.

Nancy E. Friedman (with Joyce R. Branda and Kevin J. Conway, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present: DENNIS JACOBS, RAYMOND J. LOHIER, JR., Circuit Judges and PAMELA K. CHEN, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **DENIED.**

Petitioner Doris Principe challenges the final order of removal issued by the Board of Immigration Appeals ("BIA") in which it dismissed an appeal from the decision of Immigration Judge Michael W. Straus, denying her application for adjustment of status under Immigration and Nationality Act § 245(i). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

As the immigration judge recognized, the issue before the agency was whether Principe was a "grandfathered" alien. An alien has such status if a petition was filed on her behalf that was "approvable when filed." See Butt v. Gonzales, 500 F.3d 130, 134 (2d Cir.2007). A petition is "approvable when filed" if it was "properly filed," "meritorious in fact" and "non-frivo-

---

* The Honorable Pamela K. Chen, United States District Judge for the Eastern District of New York, sitting by designation.

lous." 8 C.F.R. § 245.10(a)(3). In this case, the petition at issue was based on Principe's then-marriage. Therefore, Principe must show that the marriage was "bona fide. It is not enough to show merely that a marriage existed." *Linares Huarcaya v. Mukasey*, 550 F.3d 224, 227 (2d Cir.2008) (internal quotation marks and citation omitted). In other words, Principe was required to show that the petition was "based on a genuine marriage in which the parties intended to share a life as husband and wife, not a marriage of convenience designed solely to confer an immigration benefit on one of the parties." *Id.* (internal quotation marks omitted).

The record supports the agency's findings of fact, and certainly does not compel a contrary conclusion. Accordingly, we find no error in the agency's determination that Principe is not a "grandfathered" alien. *See* 8 U.S.C. § 1252(b)(4)(B) ("the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary").

For the foregoing reasons, and finding no merit in Principe's other arguments, we hereby DENY the petition for review.